**INDUSTRIAL ACCIDENT BOARD, et al., Appellants,**

**v.**

**Susanna MARTINEZ, et al., Appellees.**

**No. A14–92–00061–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 13, 1992.

Connie Hawkins, Austin, for appellants.

Eliot P. Tucker, Bernardo S. Garza, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal of a summary judgment in favor of appellees, Susanna Martinez, and her two minor children, Vanessa and Jessica Martinez, awarding appellees benefits under the Crime Victims Compensation Act, ch. 189, 1979 Tex.Gen.Laws 402–10, amended by ch. 135, 1985 Tex.Gen.Laws 655–57 (eff. September 1, 1985). Appellants, the Industrial Accident Board and Joseph C. Gagen, Chairman, IAB, contend in one point of error that the summary judgment was improper, because appellees did not qualify as "victims" under the Act and thus were not entitled to benefits. We affirm.

On April 18, 1987, Richard Martinez, Jr. was killed, a victim of a crime, while working as a private security guard at El Deportivo Billares Lounge in Houston, Texas. The events leading to his death were as follows. Martinez told a man to leave the lounge because he was very drunk. He left, but later returned. Martinez again told the man to leave. The man pointed his hand and finger in the shape of a gun and

told him he would get him. The man left, but later returned. This time he stood outside the lounge firing gun shots into the lounge and hitting Martinez several times. Martinez was survived by a pregnant wife and a young daughter. Since he was an independent contractor, there was no workers' compensation available for his family and the only person civilly liable for his wrongful death was the criminal, who was never found.

His wife, Susanna Martinez, sought reimbursement from the Industrial Accident Board (Board) pursuant to the Crime Victims Compensation Act on behalf of her and their two children, Vanessa and Jessica Martinez. The Board declined to recommend approval of the application because the Board decided Mr. Martinez was not a victim pursuant to the Crime Victims Compensation Act. Specifically, the Board based the exclusion on the theory that Martinez was a peace officer in the line of duty and his course and scope of employment included the duty to protect the public safety. Appellees then brought suit in district court to set aside the Board's decision and compel the Board to award appellees the full amounts allowable under the act.

 The only issue on this appeal is whether Martinez was a "victim" under the Crime Victims Compensation Act which would entitle appellees to qualify as claimants under the Act. The Crime Victims Compensation Act provides:

(a) The board shall award compensation for pecuniary loss arising from criminally injurious conduct if satisfied by a preponderance of the evidence that the requirements set forth in this Act have been met.

(b) The board shall establish that as a direct result of criminally injurious conduct *the victim* suffered personal injury or death that resulted in a pecuniary loss which *the victim* is unable to recoup without suffering financial stress and for which he or she is not compensated from any from any collateral source.

Crime Victims Compensation Act, sec. 6(a) & (b), ch. 189, 1979 Tex.Gen.Laws 402, 406 (eff. Jan. 1, 1980) (emphasis added). Appel-

lants infer based on underlying the word "victim" under section (b) above, that appellees must qualify as victims under the Act to be entitled to approval of their claim. Although we agree with appellants that appellees must qualify as "victims" under the Act, we disagree that it is mandated under this section. Section (6)(b) is referring to the actual victim hurt or killed by criminally injurious conduct and clarifies that the Act distinguishes between different types of victims. See also sec. 3(9)(A)–(D), ch. 189, 1979 Tex.Gen.Laws 402, 404 (eff. Jan. 1, 1980), amended by ch. 135, 1984 Tex.Gen.Laws 655, 655 (eff. Sept. 1, 1985). Obviously, under 6(b), a dependent of a victim could not fit the qualifications of section (6)(b), because the dependent is not the victim who suffers the actual "physical injury or death" as a result of the criminally injurious conduct. What we find sec. 6(b) means is that the board must determine there was an actual victim before anyone can claim benefits under the Act. The Act states in order for appellees to qualify as claimants under the act they must either be the actual victim or "an authorized person acting on behalf of the victim." Crime Victims Compensation Act, ch. 189, 1979 Tex.Gen.Laws 402, 402, sec. 3(2) (eff. Jan. 1, 1980). The persons authorized as claimants on behalf of the victim are clarified in sections 3(5) and 3(9). *Id.* at 403 and 404.

 Appellant argues based on section 3(9)(A)–(D) that the actual "victim" must meet at least the first two qualifications under section 3(9), in order for appellees to qualify as claimants. Section 3(9) of the Act defines a victim as follows:

"(9) 'Victim' means:

"(A) a person who is a Texas resident *or a resident of another state of the United States, the District of Columbia, the Commonwealth of Puerto Rico*, or any possession or territory of the United States who is in this state at the time of the crime and who suffers personal injury or death as a result of criminally injurious conduct;

"(B) an intervenor;

"(C) a dependent of a deceased victim; and

"(D) in the event of death, a person who legally assumes the obligation or who voluntarily pays the medical or burial expenses incurred as a direct result of the crime."

Crime Victims Compensation Act, sec. 3(9)(A)–(D), ch. 189, 1979 Tex.Gen.Laws 402, 404 (eff. Jan. 1, 1980), *amended by* ch. 135, 1984 Tex.Gen.Laws 655, 655 (eff. Sept. 1, 1985). Appellant argues that although appellees' deceased husband and father falls within the definition of sec. 3(9)(A), Mr. Martinez must also fit the definition of sec. 3(9)(B) to be considered a victim. We disagree and find no reason to interpret the statute in this way. Obviously, appellant must be interpreting the "and" between section 3(9)(C) and (D) to mean that all of the requirements of A through D must be met.[1] This makes no sense. Obviously,

---

1. Note, the most recent Crime Victims Compensation Act has amended the victim section and replaced the "and" with an "or."

(1) "Victim" means:
(A) a person who is a resident of this state or a resident of another state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any possession or territory of the United States who is in this state at the time of the crime and who suffers personal injury or death as a result of criminally injurious conduct;
(B) a person who, at the time of the crime, is a resident of this state and who at the time of the crime, is in a state that does not have a crime victims compensation program that meets the requirements for eligibility under Section 1403(b), Victims of Crime Act of 1984 (42 U.S.C. Section 10602(b)), relating to the

federal grant program for state crime victim compensation programs, and who suffers personal injury or death that would be compensable under this Act if the crime had occurred in this state;
(C) an intervenor;
(D) a dependent of a deceased victim or an immediate family member of a deceased victim who is not a dependent but who, as a direct result of the crime, requires psychiatric care or counseling;
(E) a person who is not an immediate family member or a dependent, but who resided in the same permanent household as a deceased victim in a relationship with the victim within the second degree of consanguinity, and who, as a direct result of the crime, requires psychiatric care or counseling;
(F) in the event of a death, a person who legally assumes the obligation or who volun-

the actual person injured by a criminal act can not fit section 3(9)(A) and (C), because they could not be at the same time a dependent of a deceased victim. In determining the intention in enacting a statute, it is presumed a just and reasonable result was intended. TEX. GOV'T CODE ANN. § 311.021 (Vernon 1988). Interpreting the statute in this manner would not be reasonable. Also, it is presumed in interpreting a statute that the entire statute is intended to be effective. *Id.* Interpreting the statute in the manner appellant suggests would render the entire statute meaningless, because at no time could you have a victim who is both the actual victim and the dependent of a deceased victim. In addition, in looking at the entire statute, one of the definitions of "dependent" under the Act is:

> a person who is a dependent of a *deceased victim or intervenor* within the meaning of Section 152, Internal Revenue Code of 1954, as amended (26 U.S.C. Section 152) [defines dependent];

Crime Victims Compensation Act, sec. 3(5)(B), ch. 189, 1979 Tex.Gen.Laws 402, 403 (eff. Jan. 1, 1980) (emphasis added). Clearly, this shows that the Act distinguishes between a deceased victim and an intervenor-victim. We find sections 3(9)(A) through (D) define the different types of victims who can be claimants under the Act. If the victim was an intervenor, as that term is defined under section 3(8), that person could be excluded from making a claim as prescribed in section 3(8). *Id.* at 404. Therefore, based on this construction of the statute, our review concerns whether Mr. Martinez is an intervenor-victim under section 3(9)(B) which triggers a possible exclusion from coverage.

The definition and exclusion of Section 3(9)(B) reads as follows:

> (8) "Intervenor" means a person who goes to the aid of another and is killed or injured in the good faith effort to pre-

vent criminally injurious conduct, to apprehend a person reasonably suspected of having engaged in such conduct, or to aid a police officer. Intervenor does not include a peace officer, fireman, lifeguard, or person whose employment includes the duty to protect the public safety acting within the course and scope of his or her employment.

*Id.* Applying this definition to the present undisputed facts, we find that Mr. Martinez was not an intervenor. When Mr. Martinez was killed he was not in the process of going to the aid of another in an "effort to prevent criminally injurious conduct." Mr. Martinez had merely asked the suspect to leave the lounge because he was drunk. He was then later shot by the suspect unknowingly and without provocation. We find that Mr. Martinez was not an intervenor and fits the definition of victim under section 3(9)(A) allowing appellees to apply to the Board as claimant-victims under section 3(9)(C) or (D).

Appellant further argues that even if appellees qualified as victims, they were not entitled to compensation, because section 6(d)(2) allows the board to deny claims where "the behavior of the victim at the time of the act or omission giving rise to the claim was such that he or she bears a share of the responsibility for the act or omission." *Id.* at 406. Appellant then goes on to argue that Mr. Martinez bore a share of the responsibility in the criminally injurious act, because he belonged to a hazardous profession where he was aware of the risk involved in working as a security guard at a "rough bar." We found no stipulations that this bar was a "rough bar." As far as we know, this was an isolated incidence which never occurred before. Also, we find no reason to conclude that this section excludes all security guards for coverage under this act, because appellants deems it a "hazardous

tarily pays the medical or burial expenses incurred as a direct result of the crime; *or* (G) an immediate family member of a victim who is a child, if the immediate family member, as a direct result of the crime, requires psychological or psychiatric counseling.

Crime Victims Compensation Act, ch. 189, 1979 Tex.Gen.Laws 402, 404, *amended by* ch. 135, 1984 Tex.Gen.Laws 655, 655 (eff. Sept. 1, 1985), *amended by* ch. 188, 1989 Tex.Gen.Laws 837, 837–38 (eff. Aug. 28, 1989) (TEX.REV.CIV.STAT.ANN. art. 8309–1, sec. 3(8) (Vernon Supp.1992)) (emphasis added).

profession." We do not know that we can take judicial notice of the fact that a security guard position in a private bar is a hazardous profession. Nevertheless, even if it is, this section does not refer to "hazardous professions" as appellants suggests but to the "behavior" of the victim. We interpret this provision to mean if the victim's criminal culpability, and not that the victim's profession, places him in a situation resulting in his injury or death, he may be denied coverage. To interpret this provision otherwise would mean there would never be compensation for intervenors because an intervenor knowingly and of his own volition participates in the act causing his injury. In conclusion, we find no evidence that Mr. Martinez's behavior provoked or contributed to the criminal activity that resulted so as to cause him to bear a share of the responsibility for the criminal act. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

SEARS, J., not participating.