Opinion issued July 8, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00008-CV

———————————

Nakia Brown, Appellant

V.

Office of
the Attorney General, Crime Victim Services Division, Appellee



 



 

On Appeal from the 334th District Court

Harris County, Texas



Trial Court Case No. 0872790

 



 

MEMORANDUM OPINION

          Appellant,
Nakia Brown, filed suit in the trial court seeking judicial review of the
attorney general’s denial of her claim for compensation under the Crime Victims’
Compensation Act (the CVCA).  Appellee,
the Office of the Attorney General, Crime Victim Services Division (attorney
general), filed a motion for summary judgment, which the trial court
granted.  In seven issues, Brown argues
that the trial court erred in granting the attorney general’s motion for
summary judgment because (1) the attorney general failed to offer proof that,
as a matter of law, appellant was not a crime victim pursuant to the Act; (2)
the attorney general failed to offer proof that, as a matter of law, appellant
was not a victim of criminally injurious conduct pursuant to the Act; (3) it is
not a requirement of the Act that the third party be charged, indicted, or
convicted of any crime; (4) the trial court considered the attorney general’s affidavit
of Frederick A. Edwards, a prosecutor associated with the case, as summary
judgment evidence; (5) the attorney general failed to offer proof that, as a
matter of law, Brown bore a share of the responsibility for the act or omission
giving rise to the claim; and (6) the attorney general failed to offer proof
that, as a matter of law, Brown was engaging in an activity that at the time of
the criminally injurious conduct was prohibited by law or a rule made under law.  Additionally, in her eighth issue, Brown
requests that, in the event that this Court remands the cause for a trial on
the merits, we hold that the proportionate responsibility section of the Texas
Civil Practice and Remedies Code chapter 33 does not apply to the “affirmative
defenses” under the Act and the trial court should use a pure comparative fault
standard.

          We
affirm.

Background

On February 15, 2008, Brown, a
student at Prairie View A&M University, was returning to her apartment from
her on-campus job when she noticed a car parked near the apartment where Mark
Williams sometimes stayed.  Brown, who
was involved in a dating relationship with Williams, suspected that the car
belonged to Tristen Nottage, who was also involved in a dating relationship
with Williams.  Brown knocked on the door
of the apartment and eventually on Williams’s bedroom door.  Williams denied that the car belonged to
Nottage and told Brown to leave.  Brown
then attempted to contact Nottage on her cell phone to determine if the car
belonged to Nottage.  After Brown placed
the phone call to Nottage, Williams came out from the apartment and again told
Brown to leave.

Brown went to her own apartment in
the same complex to retrieve the gifts Williams had given her for Valentine’s
Day and then returned to place them on Nottage’s car.  In the intervening time, Williams and Nottage
had both emerged from the apartment where Williams sometimes stayed, and
Nottage got into her car to leave. 
Before Nottage was able to leave the parking lot, Brown initiated a
physical altercation by hitting or punching Nottage.  Nottage returned the blows, and the fight was
broken up by witnesses.  Nottage then
returned to her car, and Brown remained in the apartment parking lot.  As Nottage exited the parking lot, she struck
Brown and another witness with her car.[1]

Brown was hospitalized as a result
of her injuries and claims that she incurred medical expenses in excess of
$100,000.  Brown also reported the
incident to police, who arrested Nottage in Houston and charged her with
aggravated assault with a deadly weapon.[2]  However, after considering Nottage’s case, a
Waller County grand jury no-billed the charges against her.  As a result, Nottage was never tried or
convicted of any crime related to the February 15 incident.

Brown filed an application for
compensation under the CVCA seeking reimbursement for medical and other
expenses.  The attorney general denied
her claim, and she appealed the decision for review by the attorney
general.  The attorney general’s final
decision found that Brown’s “application for compensation was denied by the
reviewer based upon a finding that the victim’s behavior contributed to the
incident.”  It also found that 

the appeal reviewer denied
the claim based on the conclusion that according to the available information,
no criminal charges were filed. 
Specifically, [Brown] acted in a manner that directly caused the
personal injury giving rise to the CVC claim [and] the credible evidence
provided to CVC indicates that [Brown] acted in a manner that directly caused
the personal injury giving rise to the CVC claim.  Specifically, the evidence indicates that [Brown]
was the primary aggressor and that Ms. Brown was attempting to keep the alleged
suspect from leaving when she was injured.

 

The final decision concluded, “Based on the
available evidence, the attorney general is not satisfied by a preponderance of
the evidence that the requirements of Chapter 56 of the Texas Code of Criminal
Procedure has been met.  Therefore, the
application for compensation is denied.” 
Brown subsequently filed suit in the trial court seeking de novo review
of her CVCA claim.

On October 30, 2009, the attorney
general filed a motion for summary judgment arguing that Brown is not entitled
to compensation under the Act, as proven by the uncontested facts that Brown
“intentionally initiated a physical confrontation with Nottage” on the date of
her injury, that Brown sustained her injuries during this physical
confrontation, that Nottage “has never been indicted or convicted of any crime
as a result of this incident,” as the grand jury returned a no-bill verdict
against Nottage resulting in a dismissal of the criminal case against her, and that
Brown “admits that if she had not initiated the confrontation with Nottage she
would have never suffered her alleged injuries.”  Specifically, the attorney general argues
that Brown is not a “crime victim” as defined in the Act and, alternatively, that
the evidence conclusively established that Brown participated in the events
that led to her injury, and thus, the attorney general was entitled to summary
judgment.

Brown responded, arguing that she
was a crime victim “without regard to whether Ms. Nottage was subsequently
charged or convicted of any crime,” that she was not engaging in conduct
prohibited by law because, at the time she was struck by Nottage’s car, she was
merely standing in the parking lot with some friends, and that she did not
directly act in a manner that caused her injury because after the physical
confrontation she had withdrawn “to a place of safety” before Nottage struck
her with the car.  

          On
December 8, 2009, the trial court signed its order granting the attorney
general’s motion for summary judgment. 
The trial court’s order specifically stated,

The Court agrees that the
admissible summary judgment evidence does eliminate all genuine issues of
material fact and, therefore, GRANTS the motion.  However, the Court specifically disagrees
with one legal proposition advanced by Defendant.  The Court specifically finds that the fact
that the alleged offender was not successfully prosecuted, standing alone, does not eliminate all genuine issue[s] of material
fact as a matter of law.

 

This appeal followed.

 

Right to Recovery Under the Act

In her
first seven issues, Brown argues that the trial court erred in granting the
attorney general’s motion for summary judgment.

A.      Review
of Summary Judgment

We review the trial court’s grant of summary judgment
de novo.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  If the movant conclusively negates an element of each
of the plaintiff’s causes of action, the burden shifts to the non-movant to
respond with evidence raising a genuine issue of material fact that would
preclude summary judgment.  See Knott,
128 S.W.3d at 222–23.  In deciding
whether there is a disputed material fact precluding summary judgment, evidence
favorable to the non-movant will be taken as true, every reasonable inference
must be indulged in favor of the non-movant, and any doubts must be resolved in
favor of the non-movant.  Id. at
215.  A traditional summary judgment
under Texas Rule of Civil Procedure 166a(c) is properly granted only when the
movant establishes that there are no genuine issues of material fact and that
he is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Knott,
128 S.W.3d at 215–16.  When a motion for
summary judgment raises multiple grounds, we may affirm if any one of the
theories advanced in the motion in meritorious. 
Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 157 (Tex. 2004).

B.      Crime Victims’ Compensation Act

Additionally, our analysis of Brown’s claims on appeal
requires us to construe the CVCA.  “Statutory
construction is a legal question, which is reviewed de novo to ascertain and give effect to the Legislature’s intent.”  HCBeck,
Ltd. v. Rice, 284 S.W.3d 349, 352 (Tex. 2009).  When reviewing a statute, we first look at
the “‘plain and common meaning of the statute’s words.’”  HCBeck, Ltd., 284 S.W.3d at 352 (quoting Tex. Dep’t of Transp. v. City of Sunset
Valley, 146 S.W.3d 637, 642 (Tex. 2004)). 
The Act provides that when a claimant or victim files a petition for
judicial review of the attorney general’s final decision of a claim, the
district court “shall determine the issue by trial de novo.  The burden of proof is on the party who filed
the notice of dissatisfaction.”  Tex. Code Crim. Proc. Ann.
art. 56.48(c) (Vernon 2006).

The CVCA begins by stating, “It is the legislature’s intent
that the compensation of innocent victims of violent crime encourage greater
public cooperation in the successful apprehension and prosecution of
criminals.”  Tex. Code Crim. Proc. Ann. art. 56.311 (Vernon 2006).  To that end, the CVCA provides that “[t]he
attorney general shall award compensation for pecuniary loss arising from
criminally injurious conduct if the attorney general is satisfied by a
preponderance of the evidence that the requirements of this subchapter are met”
and that “the attorney general, shall establish whether, as a direct result of
criminally injurious conduct, a claimant or victim suffered personal injury or
death that resulted in a pecuniary loss for which the claimant or victim is not
compensated from a collateral source.”  Tex. Code Crim. Proc. Ann. art.
56.34(a), (b) (Vernon 2006).

The CVCA defines “victim” as a resident of this state who
“suffers personal injury or death as a result of criminally injurious
conduct.”  Tex. Code Crim. Proc. Ann. art. 56.32(a)(11)(A) (Vernon Supp.
2009).  “Criminally injurious conduct” is
defined as 

conduct that 

 

(A) occurs or is attempted;

 

(B) poses a substantial threat of personal injury or
death;

 

(C) is punishable by fine, imprisonment, or death, or
would be punishable by fine, imprisonment, or death if the person engaging in
the conduct possessed capacity to commit the conduct; and

 

(D) does not arise out of the ownership, maintenance,
or use of a motor vehicle, aircraft, or water vehicle, unless the conduct is
intended to cause personal injury or death or the conduct is in violation of .
. . one or more of the following section of the Penal Code, [including Section
22.02 (aggravated assault)].

 

Tex. Code Crim. Proc. Ann. art. 56.32(a)(4).  

Regarding the conditions for approving or denying a claim for
compensation, the CVCA states that 

(a) The attorney general shall approve an application
for compensation under this subchapter if the attorney general finds by a
preponderance of the evidence that grounds for compensation under this
subchapter exist.

 

(b) The attorney general shall deny an application for
compensation under this subchapter if:

 

. . .

 

(3) the claimant or victim knowingly and willingly
participated in the criminally injurious conduct[.]

 

Tex. Code Crim. Proc. Ann. art. 56.41(a), (b) (Vernon 2006).

The CVCA also provides,

The attorney general may deny or reduce an award
otherwise payable:

 

(1) if the claimant or victim has not substantially
cooperated with an appropriate law enforcement agency; 

 

(2) if the claimant or victim bears a share of the
responsibility for the act or omission giving rise to the claim because of the
claimant’s or victim’s behavior;

 

(3) to the extent that pecuniary loss is recouped from
a collateral source; or

 

(4) if the claimant or victim was engaging in an
activity that at the time of the criminally injurious conduct was prohibited by
law or a rule made under law.

 

Tex. Code Crim. Proc. Ann. art. 56.45 (Vernon 2006).

In the rules adopted by the attorney general to apply to the
administration of the CVCA, the attorney general “may consider the victim’s or
claimant’s behavior as a factor in the cause of the personal injury.  If the [attorney general] determines that the
victim intentionally or knowingly acted in a manner that directly caused the
injury, the award for compensation may be denied.”  1 Tex.
Admin. Code § 61.302 (West 2010) (Office of Attorney General, Denying an
Award); see also Indus. Accident Bd. v.
Martinez, 836 S.W.2d 330, 334 (Tex. App.—Houston [14th Dist.] 1992, no
writ) (interpreting earlier version of article 56.45(2) “to mean if the
victim’s criminal culpability . . . places him in a situation resulting in his
injury or death, he may be denied coverage”).

C.      Denial
of Compensation under Article 56.45

          The attorney general’s summary judgment
motion alleged that the attorney general was entitled as a matter of law to
deny Brown’s claim for compensation under article 56.45 on the grounds that she
was engaged in activity that at the time of the allegedly criminally injurious
conduct was prohibited by law and that she bore a share of the responsibility
for the act giving rise to her claim.  See Tex.
Code Crim. Proc. Ann. art. 56.45(2), (4).  In her sixth and seventh issues, Brown argues
that the attorney general failed to prove either of those grounds as a matter
of law because, although she admits to initiating the physical altercation by
striking Nottage, the “fight had ended and [Brown] and her cousin were standing
in the parking lot.”  She states that the
facts surrounding the incident “do not prove that, as a matter of law, [Brown]
was the cause of the incident.”

          The
uncontested evidence conclusively proved that Brown initiated the physical
confrontation that ended with her injury, thus establishing as a matter of law
that Brown bore “a share of the responsibility for the act” giving rise to her
claim for compensation.  See id. art. 56.45(2).  Furthermore,
Brown clearly engaged in conduct that was prohibited by law because she
assaulted Nottage when Nottage first attempted to get in her car and leave the
apartment complex.  See id. art. 56.45(4); Tex.
Penal Code Ann. § 22.01 (Vernon Supp. 2009) (providing that person
commits offense of assault if he “intentionally or knowingly causes physical
contact with another person when the person knows or should reasonably know
that the other person will regard the contact as offensive or provocative”); see also Martinez, 836 S.W. at 334
(recognizing that claim for compensation can be denied if victim’s behavior or
criminal culpability placed him in situation resulting in his injury or if his
behavior provoked or contributed to criminal activity that resulted so as to
cause him to bear share of responsibility for criminal act).

The CVCA plainly
states that the attorney general may deny compensation if the victim “bears a
share of the responsibility for the act or omission giving rise to the claim
because of the claimant’s or victim’s behavior” or if the victim “was engaging
in an activity that at the time of the criminally injurious conduct was
prohibited by law.”  Tex. Code Crim. Proc. Ann. art.
56.45(2), (4).  The undisputed facts
support a finding under either provision. 
Thus, the attorney general established as a matter of law that Brown was
not entitled to compensation under the CVCA. 
See Tex. R. Civ. P. 166a(c); Knott, 128 S.W.3d at 215–16.

We overrule
Brown’s sixth and seventh issues.

Because our resolution of Brown’s sixth and seventh issues supports one
of the theories advanced in the attorney general’s motion for summary judgment
granted by the trial court, we do not address appellant’s remaining issues.  See Joe, 145
S.W.3d at 157 (holding that when motion for summary judgment raises multiple
grounds, we may affirm if any theory advanced in motion is meritorious).

Conclusion

We affirm the trial court’s order
granting the attorney general’s motion for summary judgment.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Hanks, and Higley.











[1]
          The record contained differing
accounts of events after Nottage returned to her car.  Brown asserts that she was merely standing in
the parking lot with her cousins and friends when Nottage drove directly at
her, that she made eye contact with Nottage after initially being struck by
Nottage’s vehicle, and that Nottage nevertheless accelerated and ran over
Brown’s leg with both her front and back tires. 
Nottage and Williams both gave statements that once Nottage returned to
her vehicle, Brown and her friends surrounded Nottage’s vehicle and continued
to pound on her car and yell obscenities. 
Nottage gave a statement to police that she was not aware that she had
hit anyone with her car.  She stated that
she felt a slight bump, but attributed it to the continued pounding on her
car.  Brown contests the admissibility of
some of this evidence, and, because this case was decided on summary judgment,
for purposes of deciding the case, we consider only the relevant undisputed
facts as recited in the body of the opinion.

 





[2]           See
Tex. Penal Code Ann. § 22.02
(Vernon Supp. 2009).